■ In the Matter of the Claim of HENRY HOFFMAN, Appellant, v. ALBERT, PEARLMAN & DAVIDOFF et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by claimant from a decision of of the Workmen's Compensation Board denying his claim for benefits. Claimant alleges disability resulting from a fall from a ladder while he was painting a closet during employment. The decision of the board stated that claimant testified that he slipped coming down the ladder and that medical evidence indicated an episode of basal artery insufficiency which could cause the claimant to faint, and then made the findings: " The Board finds, after a review of the believable evidence, that claimant did not fall off ladder as alleged. The injuries suffered by claimant did not arise out of and in the course of his employment." The only testimony as to the happening of the accident is the statement by the claimant that he slipped on either the third or second step of the ladder. There is other testimony that the claimant was lying in the hall — not the closet — after the accident and, of course, there is medical testimony mentioned by the board to which we have referred. It is self-evident that we cannot ascertain what " the believable evidence " is from the findings made by the board. " To adequately review the decision we must know which version the board accepted and must have a factual finding as to what claimant was doing at the time of the accident." (*Matter of McCaffrey* v. *Pelham Manor Police Dept.*, 3 A D 2d 772, 773.) The board should find (1) whether or not claimant slipped while on the ladder and fell or (2) whether he fell from the ladder by reason of some internal cause and, if so, whether or not the ladder constituted an added hazard of the employment causing the injuries or (3) whether while standing on the floor or walking, he simply fell to the floor from some idiopathic cause, and thereby sustained the skull fracture and other injuries. Decision reversed and matter remitted for proper findings, with costs to appellant. Gibson, P. J., Reynolds, Taylor and Hamm, JJ., concur.